## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

ASHLEY COKER,                          )
                                       )
                    Plaintiff,         )
                                       )
vs.                                    )        Case No. CIV-07-1101-M
                                       )
BNSF RAILWAY COMPANY, a                )
Delaware corporation,                  )
                                       )
                    Defendant.         )

## ORDER

Before the Court is the Plaintiff's Motion for Protective Order and Brief in Support Thereof [docket no. 16], filed September 2, 2008. On September 26, 2008, the defendant filed its response, and on October 7, 2008, the plaintiff filed her reply. Based upon the parties' submissions, the Court makes its determination.

The subject of this controversy is the defendant's proposal to depose certain witnesses regarding the plaintiff's alleged alcohol or drug use/abuse, and her mental, emotional or psychological state of mind. The proposed witnesses to be deposed are the plaintiff, the plaintiff's mother, her mother's boyfriend and her aunt. Previously, the defendant filed a motion to compel responses to certain discovery requests concerning the plaintiff's past medical, psychological and psychiatric treatment. The Court limited those discovery requests to relevant medical records concerning the plaintiff's right arm or hand that was allegedly amputated in the accident giving rise to this action. The plaintiff now moves for a protective order prohibiting the defendant from pursuing deposition questioning concerning the aforementioned subjects.

I.       **Violation of the Court's Order**

The plaintiff first moves the Court for an Order prohibiting deposition questioning in violation of its August 1, 2008 Order concerning an earlier motion to compel.  Specifically, the plaintiff asserts that the defendant should be prohibited from pursuing a line of questions designed to develop information about the plaintiff's medical and psychological conditions unrelated to the underlying incident.  According to the plaintiff, the Court held that information concerning her unrelated medical records and injuries, and psychological condition is protected by law, and therefore, not discoverable.

For its part, the defendant asserts that all the subject areas the plaintiff is attempting to hide are relevant and discoverable issues.  Specifically, the defendant contends that the plaintiff has raised issues pertaining to damages in her negligence claim.  As such, the defendant argues it has a right to depose the witnesses as to causation and damages concerning the plaintiff's negligence claim.

It is well-established that parties may obtain of discovery of any non-privileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1).  Not only may the Court "order discovery of any matter relevant to the subject matter involved in the action," the "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*  Having reviewed the parties' submissions, the Court finds that discovery of the plaintiff's medical and psychological conditions are proper subjects for depositions.  While the Court's previous Order dealt with the production of documents, nothing in the Court's Order prevents defendant from deposing fact witnesses concerning issues which are relevant to this action.  Specifically, the Court finds such evidence relevant to the issue of damages,

given that the plaintiff is seeking damages based upon her life expectancy (*e.g.,* plaintiff's permanent, progressive and disfiguring injuries, past and future medical bills, pain and suffering, future disability, loss of enjoyment of life, and loss of earnings).

Furthermore, the plaintiff is seeking damages for emotional distress, and the Court finds the defendant should be allowed to depose witnesses concerning whether her conditions may have resulted from other causes. Specifically, the defendant has proffered evidence tending to demonstrate that the plaintiff's alcohol use, prescription drug use, illegal drug use and the psychological, emotional and mental state of mind of the plaintiff are relevant to issues introduced into this litigation. The Court finds that issues of factual causation, legal causation, the plaintiff's state of mind on the date in question, contributory negligence and/or comparative negligence are all proper and relevant defenses which are directly affected by the plaintiff's alleged alcohol and drug use/abuse and state of mind. Because the defendant is permitted to probe the plaintiff's damages claim, and specifically whether and to what extent these damages were caused by the defendant's negligence, the Court denies the plaintiff's request for a protective order barring the deposition of witnesses on these relevant issues.

## II.     Physician and Psychotherapist - Patient Privilege

The plaintiff next asserts that information relating to the plaintiff's medical and psychological condition is protected by the physician and psychotherapist - patient privilege. As such, the plaintiff contends that her medical and psychological information should not become a matter of discovery solely because a person seeks redress in court. The defendant counters that the physician and psychotherapist - patient privilege, as a matter of law, does not even apply to most, if not all of the information that the plaintiff seeks to protect.

Pursuant to the Oklahoma Physician and Psychotherapist - Patient Privilege statute:

> A patient has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of diagnosis or treatment of the patient's physical, medical or emotional condition, including alcohol or drug addiction, among the patient, the patient's physician or psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the physician or psychotherapist, including members of the patient's family.

Okla. Stat. tit. 12, § 2503(B). Assuming that the communication is covered under the physician and psychotherapist - patient privilege, it can still be discoverable if the plaintiff waives the privilege in any way. The plaintiff waives this privilege by placing her mental or emotional condition at issue:

> The privilege under this Code as to a communication relevant to the physical, mental or emotional condition of the patient in any proceeding in which the patient relies upon that condition as an element of the patient's claim or defense or, after the patient's death, in any proceeding in which any party relies upon the condition as an element of the party's claim or defense is qualified to the extent that an adverse party in the proceeding may obtain relevant information regarding the condition by statutory discovery....

Okla. Stat. tit. 12, § 2503(D)(3).

Having reviewed the parties' submissions, the Court finds that the information sought is covered by the physician and psychotherapist - patient privilege, but subject to the privilege's exception. As stated above, the plaintiff has made her own physical, emotional and mental state an element of her claim as to causation and damages. The Court finds that the plaintiff has waived any existing privilege because her claim involves causation issues which are highly relevant to her alleged alcohol use, drug use and psychological state of mind. As to damages, the Court finds that the plaintiff has further waived her privilege to the extent that she is seeking damages involving

emotional distress, depression, depression medications for her lifetime and a lifetime need for a psychiatrist. Because a party cannot inject into a case his or her psychological treatment, conditions, or symptoms and expect to be able to prevent discovery of information relevant to those issues, the Court finds that the defendant should be allowed to investigate the plaintiff's negligence claim as to causation and damages, and examine relevant evidence of the same for its defense. *See Santelli v. Electro-Motive*, 188 F.R.D. 306, 309 (N.D. Ill. 1999) (observing that a party waives the psychotherapist-patient privilege by electing to inject into the case either fact of her treatment or any symptoms or conditions that she may have experienced).

The Court further finds that certain deponents do not qualify under the plaintiff's physician and psychotherapist - patient privilege. The defendant is also seeking to depose Kim Self (plaintiff's mother), Roger Roach (Kim Self's boyfriend) and Jholynn Cole (plaintiff's aunt) on topics related this litigation. As pertains to third persons, the physician and psychotherapist - patient privilege is inapplicable to these people; the privilege applies only to "persons who are participating in the diagnosis or treatment under the direction of the physician or psychotherapist, including members of the patient's family." Okla. Stat. tit. 12, § 2503(B). Upon review of the parties' submissions, the record is devoid of evidence that any of the three above-referenced persons qualify under the privilege, because they are not persons who participated in the plaintiff's diagnosis or treatment under the direction of a physician or psychotherapist. Rather, Kim Self, Roger Roach and Jholynn Cole are third party fact witnesses who are proposed for examination of their personal memories and recollections of the plaintiff. The Court, therefore, finds that these witnesses may be deposed without violating any privilege.

Accordingly, the Court denies the motion for protective order as to the physician and

psychotherapist - patient privilege.

### III.    Information Relating to Alleged Alcohol or Drug Use/Abuse

The plaintiff next asserts that information relating to her alleged illegal acts, such as alcohol or drug use/abuse, is neither discoverable nor admissible.  The plaintiff contends this information is completely irrelevant to any of the issues contained in this lawsuit, and therefore, the Court should prohibit the defendant from pursuing this line of questioning.  The defendant counters that the subject areas that the plaintiff is attempting to hide are relevant and discoverable issues.  The defendant contends that many of the plaintiff's psychological damage claims are for mental health issues which predate the accident, since she was already being treated prior to the accident.  In addition, the defendant argues plaintiff's damage claims are based upon a specific life expectancy which has not taken into account her alcohol and substance abuse issues.

"[Plaintiff's] history of substance abuse *is* relevant to the issue of damages where there is evidence of its effect on probable life expectancy, and Plaintiff seeks damages based on loss of future earnings."  *Fritts v. McKinne*, 934 P.2d 371, 376 (Okla. Civ. App. 1996).  Furthermore, when the plaintiff seeks emotional distress damages, the defendant must have access to evidence showing the condition may have resulted from other causes.  *Fritsch v. City of Chula Vista*, 196 F.R.D. 562, 568 (S.D. Cal. 1999).

Having reviewed the parties' submissions, the Court finds that information concerning the plaintiff's alleged alcohol and drug use/abuse is both relevant and discoverable.  Specifically, the plaintiff has indicated that she will seek damages based upon loss of future earnings, and there is evidence the plaintiff has used/abused alcohol and drugs.  The Court finds the evidence permissible

to demonstrate the effect of other causes upon the plaintiff's probable life expectancy and employability.  Furthermore, the Court finds the plaintiff's Life Care Plan sufficient evidence to demonstrate that she will be asking for psychological damages, psychiatric care, medications, when pre-accident medical records show that she was already seeing a psychiatrist, diagnosed with depression, and taking depression-related medications.  Because the defendant is entitled to show that other factors contributed to the plaintiff's damages, and the causes of the plaintiff's damages, the Court denies the motion for protective order as to information relating to alleged illegal acts.

## IV.    Self-Incrimination

The plaintiff asserts that she has the right to refuse to answer any questions which may tend to incriminate her.  The plaintiff contends that the defendant should be prohibited from pursuing areas of inquiry concerning the plaintiff's past and/or present alcohol and drug use/abuse to which she has a Fifth Amendment right against possible self-incrimination.  The defendant, in turn, asserts that the plaintiff's Fifth Amendment privilege against possible self-incrimination is not applicable to facts of this case, since there is not any reasonable or realistic threat of self-incrimination.

In relevant part, the self-incrimination clause of the Fifth Amendment provides: "[n]o person...shall be compelled in any criminal case to be a witness against himself...."  In order for the privilege to apply, there must be a reasonable cause to apprehend danger.  *Rey v. Means, In and For Tulsa County*, 575 P.2d 116, 120 (Okla. 1978).  Stated differently, there must be a realistic threat of self-incrimination.  *Minnesota v. Murphy*, 465 U.S. 420, 427 (1984).

In this case, the Court finds that the plaintiff faces a realistic threat of self-incrimination, given the nature of some of her activities.  Specifically, the plaintiff may assert her Fifth Amendment privilege against self-incrimination on every question dealing with illegal activities.  The plaintiff

7

should not be forced to incriminate herself.  Because the Fifth Amendment right against self-incrimination exists as an inalienable right, the Court grants the motion for protective order to the extent that the plaintiff may assert her privilege on questions regarding her illegal activities.

**V.      Sealing of Documents**

Finally, the plaintiff asserts that the defendant has, once again, intentionally injected sensitive and private healthcare information relating to plaintiff in this record by attaching her medical records to its response.  Previously, the Court ordered that the defendant's filings be placed under seal based on the aforementioned conduct.  For good cause, the Court removes the instant submissions from the public record and places them under seal.  Furthermore, the Court directs the defendant to refrain from placing further medical records concerning the plaintiff into the public record.

**VI.**    **Conclusion**

For the foregoing reasons, the Court GRANTS IN PARTS and DENIES IN PART the

motion for protective order as follows:

1.    The Court GRANTS the motion for protective order regarding plaintiff Fifth
        Amendment privilege against self-incrimination;

2.    The Court DENIES the motion for protective order regarding the violation of court
        order, the physician and psychotherapist - patient privilege, alleged alcohol and drug
        use/abuse, and self-incrimination;

3.    The Court ORDERS that the motion for protective order and responsive filings be
        placed under SEAL;

4.    The Court DIRECTS the defendant to refrain from placing further medical records
        concerning the plaintiff into the public record.

**IT IS SO ORDERED this 5th day of November, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE